UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY N. LAMB, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:11-CV-819 CAS |
| BANK OF AMERICA, NA, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This removed action is before the Court on defendants BAC Home Loans Servicing LP, Bank of America, NA, Countrywide Bank FSB, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss for failure to state a claim. The motion is fully briefed and ready for disposition. For the following reasons, the Court will grant the motion as to plaintiffs' federal claims in Count III. The motion will remain pending as to plaintiffs' state law claims in Counts I and II. The Court will remand plaintiffs' state law claims to the Circuit Court for Iron County, Missouri for disposition.

**I.     Background**

On April 12, 2011, in the Circuit Court of Iron County, Missouri, plaintiffs filed a forty-page pro se "verified amended petition" (attaching seventy exhibits) against various named and unnamed defendants arising out of a residential loan transaction, which occurred on September 28, 2007, and a subsequent loan modification transaction. On May 9, 2011, defendants removed the action to this Court. As it relates to defendants BAC Home Loans Servicing LP, Bank of America, NA, Countrywide Bank FSB, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc. (collectively "defendants"), plaintiffs allege a claim for fraud (Count I);

fraud in the inducement (Count II); and violations of the Real Estate Settlement Procedures Act, Truth in Lending Act, and Consumer Protection Act (Count III).[1]

Although unclear in the complaint, plaintiffs appear to allege that defendants fraudulently inflated plaintiffs' income on their initial loan application. Based on this inflated income, plaintiffs qualified and were approved for a mortgage they could not afford. Plaintiffs allege they discovered this fraud on March 18, 2009, and notified defendants. Thereafter, they signed a loan modification agreement that was also unsustainable. Plaintiffs allege they were falsely misled to believe the loan modification "could be quickly changed to sustainable terms." (Pl. Resp. at 2). At various places in their complaint and in response to defendants' motion to dismiss, plaintiffs state that defendants "compelled and lured plaintiff[s] into issuing a negotiable security instrument based on the foreclosure or liquidation value of the plaintiffs' collateral; knowing that plaintiffs would be unable to immediately perform the terms of the loan modification to plaintiffs' detriment for defendants' profit; to establish an interest in plaintiffs' real property claimed as collateral through an enforceable security interest to take non judicial action to effect dispossession and sale of borrower's real property." See, e.g., Compl. ¶ 168.

For relief, plaintiffs seek an injunction preventing defendants from collecting on their residential loan and from selling the property, compensatory damages, and punitive damages.

## II.  **Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

---

[1] Plaintiffs also allege fraud in the inducement (Count II) against a separate defendant, Kozeny and McCubbin, LC. Defendant Kozeny and McCubbin has filed a separate motion to dismiss Count II, but because the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims, it will not address this motion. The motion remains pending for disposition in the state court.

pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  A pleading that offers labels, conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. Iqbal, 129 S. Ct. at 1949.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949.  A claim has facial plausibility when the alleged facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.  When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief. Id. at 1949-50.  Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not. Id. at 1949.  "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 1950.  If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

**III.     Discussion**

        A.     Insufficient Service of Process Pursuant to Rule 12(b)(5)

As an initial matter, defendants move to dismiss this action pursuant to Rule 12(b)(5), Fed. R. Civ. P, for insufficient service of process.  A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.  2 James Wm. Moore et al., Moore's Federal Practice § 12.33[4] (3d ed. 2010).  Rule 4(m) allows the court on a

motion by the party challenging process or service to dismiss the action without prejudice. Id. at § 12.33[5].

Plaintiffs sent service of the summons to defendants via certified mail, return receipt requested. Service of summons on defendants by mail, even certified mail, is improper under both Missouri and federal law. See Missouri Rules 54.13 and 54.16; Fed. R. Civ. P. 4(h). Because service of process was insufficient, the Court has discretion to dismiss the action without prejudice or to quash service and direct plaintiffs to effect service within a particular time frame. Moore's § 12.33[5].

Ordinarily the Court would allow the pro se plaintiffs to effect service within a particular time frame, instead of dismissing the action without prejudice. For the reasons stated below, however, the Court finds that plaintiffs have failed to state a claim upon which relief can be granted under Rule 12(b)(6). In the interest of judicial economy, the Court will not require plaintiffs to properly serve defendants. Instead, for purposes of this motion, the Court will consider defendants' arguments regarding proper service waived because defendants also move to dismiss plaintiffs' claims on their merits, and will proceed to evaluate the merits of defendants' motion to dismiss pursuant to Rule 12(b)(6).

      B.    Violations of Consumer Protection Act, Truth in Lending Act, and Real Estate Settlement Procedures Act

Plaintiffs raise their federal claims in Count III for violation of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and Consumer Protection Act. Plaintiffs state defendants (1) failed to provide required disclosures prior to consummation of the transaction; (2) failed to make disclosures clearly and conspicuously in writing; (3) failed to timely deliver "certain notices required by statute;" and (4) failed to disclose "said terms" to plaintiffs prior

to consummation of the transaction.[2]  (Compl. ¶ 177).  Specifically, plaintiffs state they did not receive "prior disclosures of Good Faith Estimate and Truth in Lending Disclosure." (Id. ¶ 179; see also id. ¶ 25).  Consequently, plaintiffs state their original loan agreement was based upon an alleged fraudulent inflation of plaintiffs' income and an appraisal that contained a false statement regarding a right of egress.  (Id. ¶¶ 179, 181, and 183; see also id. ¶ 28).

   (1) *Truth in Lending Act*

  Defendants argue that plaintiffs cannot sustain an action under the TILA because such an action is time barred.  Defendants state any action for damages based on TILA violations must be brought within one year of the violation (see 15 U.S.C. § 1640(e)), and any action for rescission based on TILA must be brought within three years (see 15 U.S.C. § 1635(f)).  Because plaintiffs allege they entered into a promissory note for the property on September 28, 2007, and did not file this action seeking damages or rescission until April 7, 2011, defendants argue the action is time barred.

  In response, plaintiffs state they did not discover the TILA violations until December 2010 when they "reconciled the documents received from defendant Bank of America Customer Advocacy Unit with the documents plaintiffs received at the loan closing and plaintiffs discovered they had not received a copy of the Truth In Lending Disclosure Statement." Pl. Resp. at 7.  Plaintiffs state in a conclusory fashion that "the doctrine of tolling is applicable." Id.

---

 [2]Plaintiffs bring Count III against defendant "Countrywide Bank, FSB and its agents, successors and assigns."  Defendants' motion to dismiss is brought by defendants Bank of America, N.A.; Bank of America, N.A. as successor by merger to named defendant Countrywide Bank FSB; Bank of America, N.A. as successor by merger to named defendant BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP; Federal National Mortgage Association; and Mortgage Electronic Registration Systems, Inc.  The Court will refer to "Countrywide Bank, FSB and its agents, successors and assigns," simply as "defendants."

Section 1640(e) explicitly sets forth the "date of occurrence" as the triggering event for the one-year statute of limitations to run on an action for damages under TILA. 15 U.S.C. § 1640(e); see also Dufrenne v. Citimortgage, Inc., 2009 WL 5103275 at *3 (E.D. Mo. Dec. 17, 2009). The statute of limitations does not run from the date of discovery of the alleged violation, as plaintiffs suggest.[3] Nor have plaintiffs have not set forth any facts that would suggest fraudulent concealment on the part of the defendants, which might allow for equitable tolling. See Defs.' Reply at 6. The "date of occurrence" of the alleged TILA violations was September 28, 2007. (Compl. ¶ 24). Plaintiffs filed their TILA claims for damages outside the one-year limitations period, and therefore these claims are time barred.

To the extent plaintiffs seek to rescind the loan transaction, plaintiffs' right of rescission expired "three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the [plaintiffs]." 15 U.S.C. § 1635(f); see also Rand Corp. v. Yer Song Moua, 559 F.3d 842, 847-48 (8th Cir. 2009). Plaintiffs' right to rescind based on alleged TILA violations expired, at the latest, on September 28, 2010. Thus, any attempt in their complaint to state a cause of action for rescission under TILA is time barred.

       (2)     *Real Estate Settlement Procedures Act*

As stated above, plaintiffs also assert RESPA violations based on defendants' alleged conduct. Defendants state plaintiffs cannot state a claim under RESPA because either (1) there is no private right of action, or (2) the claims are subject to a one- or three-year statute of limitations.

---

[3] Although not relevant to the Court's consideration, plaintiffs state in the complaint that they discovered the alleged violations on March 18, 2009, when they reviewed the documents they received at closing. This date conflicts with the December 2010 date argued in their response. See Pl. Compl. ¶ 44.

In response, again plaintiffs argue that their cause of action under RESPA did not accrue until they discovered the facts constituting the RESPA violation in December 2010. (Pl. Resp. at 7). This was the date they looked at their loan closing documents and realized they did not receive a good faith estimate within three days of their loan application or at closing. Plaintiffs state their "RESPA claim is raised as an affirmative defense to the non judicial foreclosure action by the defendant and the doctrine of tolling is applicable." Id.

Plaintiffs' argument regarding RESPA violations is difficult to evaluate, because they do not cite which provision of RESPA they claim defendants violated. The Court will review plaintiffs' claim under the provisions of RESPA likely applicable to plaintiffs' case.

### (a) RESPA 12 U.S.C. §§ 2603 and 2604

Plaintiffs' alleged violations appear to fall under the provisions of 12 U.S.C. § 2603, which requires a lender to provide a uniform settlement statement to borrowers, or 12 U.S.C. § 2604, which requires a lender to provide special information booklets regarding residential real estate transactions.[4] Nothing in the express terms of the statutes, however, allows borrowers to bring a private action for alleged violations. In fact, courts have consistently held that Congress did not create a private right of action for violation of §§ 2603 and 2604. See Lingad v. IndyMac Fed. Bank; 682 F. Supp. 2d 1142 (E.D. Cal. 2010); Delino v. Platinum Community Bank, 628 F. Supp. 2d 1226 (S.D. Cal. 2009); Sarsfield v. Citimortgage, Inc., 667 F. Supp. 2d 461 (M.D. Pa. 2009); Stith v. Thorne; 488 F. Supp. 2d 534 (E.D. Va. 2007); Sturm v. Peoples Tr. & Sav. Bank, 713 N.W.2d 1 (Iowa 2006); Morrison v. Brookstone Mort. Co., 415 F. Supp. 2d 801 (S.D. Ohio 2005). Because

---

[4] RESPA § 2607 prohibits kickbacks and unearned fees, § 2608 relates to title companies, and § 2609 does not provide for a private right of action.

there is no private right of action, plaintiffs cannot state a claim for violations of RESPA §§ 2603 and 2604.

        (b)      *RESPA 12 U.S.C. § 2605*

RESPA § 2605 relates to the servicing of mortgage loans, and requires a lender to provide certain disclosures regarding the transfer of loan servicing. The statute of limitations for actions under § 2605 is three years from the date of the violation. Because plaintiffs filed this action on April 7, 2011, they are barred from bringing any action for a violation occurring before April 7, 2008. The original residential real estate loan transaction occurred on September 28, 2007, and therefore plaintiffs are barred from bringing any action for violations of § 2605 arising out of the original loan transaction.

To the extent plaintiffs seek to bring an action for violations of § 2605 occurring after April 7, 2008, which is unclear, plaintiffs have not specified any required disclosures that were not made or any notices that were not delivered. Throughout Count III, plaintiffs refer to the "fraudulent inflation of plaintiffs' income" on the initial loan transaction and an "appraisal containing false statements regarding right of egress," but neither fraudulent inflation of income or a faulty appraisal are actionable under § 2605. Both allegations appear to relate to plaintiffs' original loan transaction, and are time barred. See Compl. ¶¶ 181, 183. After thorough review of the complaint, the Court finds that plaintiffs cannot state a claim for violation of § 2605 that is plausible on its face.

        (3)      *Consumer Protection Act*

In response to defendants' motion to dismiss, plaintiffs concede that they cannot state a cause of action under the Consumer Protection Act. Plaintiffs state: "Defendants correctly allege plaintiffs cannot state a cause of action under the Consumer Protection Act. Plaintiffs will seek leave to amend the Third Cause of Action in the Removed Petition." (Pl. Resp. at 7). Because plaintiffs concede that

they have failed to state a claim under the Consumer Protection Act, the Court will grant defendants' motion to dismiss this claim for failure to state a claim pursuant to Rule 12(b)(6).

C.     Supplemental State-Law Claims

As for plaintiffs' remaining state law claims for fraud and fraud in the inducement, this Court declines to exercise supplemental jurisdiction.  Under 28 U.S.C. §1367(c)(3), district courts may decline jurisdiction over state claims as a "matter of discretion."  Hassett v. Lemay Bank and Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988).  The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  The Eighth Circuit has "stress[ed] the need to exercise judicial restraint and avoid state law issues whenever possible" and the "necessity to provide great deference and comity to state court forums to decide issues involving state law questions."  Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990).

Plaintiffs' action was removed to this Court less than one month after its filing.  The parties have not participated in any discovery or trial preparation in this Court, and no scheduling order has been entered.  The Court therefore concludes that the interests of justice do not require that the Court retain jurisdiction over the state law claims.  The Court will deny without prejudice defendants' motion to dismiss plaintiffs' state law claims, and remand these claims to the Circuit Court of Iron County, Missouri for disposition.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Bank of America, NA, Countrywide Bank FSB, BAC Home Loans Servicing, LP, Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss for failure to state a claim is **GRANTED** as to all

federal claims in Count III, and remains pending as to Counts I and II for disposition in state court. [Doc. 18]

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Iron County, Missouri.

**IT IS FURTHER ORDERED** that defendant Kozeny & McCubbin, L.C.'s motion to dismiss Count II for failure to state a claim remains pending for disposition in the state court. [Doc. 3]

An appropriate order of dismissal and order of remand will accompany this memorandum and order.

                                                                       */s/ Charles A. Shaw*
                                                                       **CHARLES A. SHAW**
                                                                       **UNITED STATES DISTRICT JUDGE**

Dated this <u>11th</u> day of January, 2012.